THE TOWN OF BOIS D'ARC, Appellee, *vs.* FRANK CONVERY, Appellant.

*Opinion filed October 26, 1912.*

1. WATERS—*well defined banks and bed not essential to natural water-course.* If the water falling upon land on one side of a highway naturally flows across the highway through a swale or depression onto the lands on the other side of the highway there is a natural water-course, even though it may not have well defined banks and bed and though the water may not flow through the swale at all times of the year.

2. SAME—*town is not bound, in law, to drain private lands adjoining road.* If the waters falling upon one side of a highway naturally flow across the road through a swale onto the lands on the other side the town has a right to have the flow of the water from the highway remain unobstructed, and is not bound, in law, to construct a ditch along the highway which will carry the water away from the lands and empty it at some other point where it would not naturally flow.

3. INJUNCTION—*when town is entitled to mandatory injunction against obstruction of water-course.* A town having a perpetual easement in the maintenance of the unobstructed flow of water

across farm land adjoining a highway, is entitled to a mandatory injunction to compel the removal of an obstruction placed by the land owner, barring the flow of the water and throwing it back upon the highway.

APPEAL from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding.

HOGAN & WALLACE, for appellant.

TAYLOR & TAYLOR, and HILL & BULLINGTON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellee against the appellant, in the circuit court of Montgomery county, to enjoin the appellant from obstructing a natural water-course at the point where it crosses one of the public highways of the said town and to require him to remove an obstruction which he had placed in said water-course. An answer and replication were filed, a trial was had before the court and a decree was entered in accordance with the prayer of the bill. The defendant has prosecuted an appeal to this court.

Three propositions are urged in this court as grounds of reversal: First, that the evidence does not show that there was a natural water-course at the place where the obstruction was averred to have been placed by the appellant; second, that if it be conceded that the appellant obstructed the water-course, as averred in the bill, the appellee was not entitled to the relief prayed for, as the appellee could carry the water flowing from the land north of appellant's land in a ditch along the south side of the highway to the east line of appellant's land and empty the same into a ditch at that point at but little expense to the appellee and thereby protect the land of the appellant from overflow, and that

it was the duty of the appellee thus to take care of the water diverted from his land by appellant; and third, conceding that there was a natural water-course at the point where it was averred the appellant placed the obstruction complained of, the use of said water-course had been abandoned by the appellee.

The facts, in brief, are as follows: The appellant is the owner of the south-west quarter of section 35, in the town of Bois D'Arc. A public highway runs east and west along the north line of said quarter section. The land in that vicinity, including appellant's, is low and swampy. The quarter section adjoining appellant's land upon the north is higher than appellant's land, and the water falling upon that quarter section naturally flows upon the land of appellant. Ditches are constructed upon both sides of the highway adjoining the west part of the appellant's land. As his east line is approached the north ditch crosses the highway beneath a bridge, and the water from the north ditch unites with the water of the south ditch and then flows south upon appellant's land, and at the point where the waters of the two ditches unite and flow upon appellant's land he has constructed a dam or embankment to protect his land from overflow, which has caused the water to back up upon the highway and render it wet and miry and unfit for use as a highway. The highway commissioners of the town of Bois D'Arc removed the dam or embankment erected by the appellant to obstruct the flow of the water from said ditches upon his land, and he having replaced the same, this bill was filed.

The question whether there was a natural water-course at the point where appellant erected a dam or embankment, and the question whether the use of said water-course had been abandoned by the appellee, were largely questions of fact, and the trial court's findings upon those questions will not be disturbed by this court, as the case was tried in

255 — 33

open court, unless the findings of the trial court are not supported by the evidence and are palpably wrong.

As to the first proposition, it is clear from this record that at the point where the dam or embankment was constructed a swale or depression is located, and that the water from the adjoining land upon the north has flowed across the highway and upon the appellant's land for many years. The highway is bridged at that point, and at an early day a ditch was plowed across the appellant's land, which carried the waters crossing the highway at that point south over the land of appellant to an outlet upon appellant's land situated some distance south of the highway. Numerous witnesses testified to those facts, and appellant admitted, upon cross-examination, that he erected the dam or embankment to protect his land from overflow, and that after he placed the dam or embankment south of the bridge in the highway the water remained in the highway, and when the highway commissioners removed the dam or embankment the water flowed south and off from the highway upon his land. We therefore have no question, upon this record, but that the trial court correctly held that there was a natural water-course across the land of appellant at the point in question. While there may not have been a stream at that point across appellant's land with well-defined banks and bed, or the water may not have flowed across appellant's land at that point at all seasons of the year, that was not necessary. In *Ribordy* v. *Murray,* 177 Ill. 134, on page 140, it was said: "It is true, there was no well-defined water-course in the sense in which that term is often used, having well-defined banks and bed. But that was not necessary. If the conformation of the land was such as to give the surface water flowing from one tract to another a fixed and determinate course, so as to uniformly discharge it upon the servient tract at a fixed and definite point, the course thus uniformly followed by the

water in its flow is a water-course, within the meaning of the rule applicable to this class of cases." The trial court properly held there was a natural water-course over appellant's land at the place he erected the dam or embankment and that it was an unlawful obstruction.

The evidence shows that some rods west of the bridge in the highway south of which appellant erected the dam or embankment there was a hill and that some rods east of the bridge there was a hill, and that the bridge was located in a depression midway between said hills, and that a ditch running north and south was constructed near the north and east lines of appellant's land, so that if the ditch upon the south side of the highway had been carried through the hill east of the bridge and connected with said north and south ditch an outlet would have been provided for said overflow water without throwing it upon appellant's land south of the bridge, and the appellant insists that the appellee should have carried said water through said hill and emptied the same into said north and south ditch. The appellee was not bound, in law, to drain appellant's land or to protect it from the overflow of the waters which were thrown upon it in a state of nature from the north, but the appellee had the right to have the waters falling upon its highway flow off in the natural water-course to the south. (*Peck* v. *Herrington*, 109 Ill. 611; *Davis* v. *Commissioners of Highways*, 143 id. 9; *Lambert* v. *Alcorn*, 144 id. 313; *Dorman* v. *Droll*, 215 id. 262.) The appellee having a perpetual easement in the maintenance of the unobstructed flow of water across the land of appellant, it was entitled to a mandatory injunction directing the removal of the obstruction which the appellant had placed upon the south line of the highway as a barrier against said flow of water. *Hunt* v. *Sain*, 181 Ill. 372; *Baumgartner* v. *Bradt*, 207 id. 345; *Dorman* v. *Droll, supra; Pinkstaff* v. *Steffy*, 216 Ill. 406; *Town of Crooked Creek* v. *King*, 252 id. 126.

There is no evidence in this record which shows an abandonment by appellee of the right to have the waters falling upon the highway north of appellant's land flow south over his land.

Finding no reversible error in this record the decree of the circuit court will be affirmed.          *Decree affirmed.*